**In re MID–STATE OIL CO., dba Mid-State Transport, Mid-State Motors, General Stores, Great Western Realty, Mid-West Motors and Mid-State Pipeline Co., Debtor.**

**Bankruptcy No. 82–05093.**

United States Bankruptcy Court, D. North Dakota.

April 15, 1983.

DeMars & Turman, Fargo, N.D., for debtor.

Michael LeBaron, Minneapolis, Minn., for creditors.

## ORDER RE COMPENSATION

HAROLD O. BULLIS, Bankruptcy Judge.

Pending before the Court are applications for fees by counsel for the Debtor and by counsel for the Creditors' Committee in the above Chapter 11 proceeding. DeMars & Turman, counsel for the Debtor, filed an application for final compensation on November 26, 1982. Included in that application was a request for fees of $26,500.00 for services rendered subsequent to September 14, 1982. In addition, the application seeks an award of additional compensation for all services performed in these proceedings since its inception. It seeks total compensation of $150 per hour for 1,098 hours, for a total of $164,000.00 less that amount previously paid pursuant to interim applications.

Michael LeBaron, counsel for the Creditors' Committee, in his final application, seeks compensation at the rate of $150 per hour for 449.85 hours of service rendered the Creditors' Committee since these proceedings began. He too had previously received compensation through interim applications at his customary rate.

Objections to both applications were filed by the Debtor and by the United States Trustee. Neither of those objections objected to the final applications in so far as they requested compensation at $100 per hour for the time spent in these proceedings. The objections were only to the "pre-

mium" or "enhanced" compensation in excess of $100 per hour.

■ The Court, on December 16, 1982, pursuant to stipulation, entered an order allowing payment of that portion of compensation applied for and not objected to. In that order the Court allowed payment of fees to DeMars & Turman of $29,819.00 and to Michael LeBaron in the amount of $20,372.50. In addition, both were allowed their expenses. The effect of that order was to allow both counsel compensation at the rate of approximately $100 per hour for all services rendered in these proceedings.

■ Remaining for consideration is whether the above applications should be allowed in so far as they seek "enhanced" or "premium" compensation. That matter was heard on December 29, 1982. Both parties have submitted briefs in support of their positions.

Both Mr. DeMars and Mr. Mr. LeBaron have set forth what they believe are the bases for the allowance of the additional compensation. Mr. DeMars points out that a Reorganization Plan has been filed and confirmed, and the significant assets of the estate have been liquidated, all within a period of one year. He suggests that because of skillful negotiations costly litigation has been avoided resulting in an enhancement of the estate for the benefit of shareholders.

Mr. LeBaron points out that the best possible results were achieved in these proceedings for the unsecured creditors who he represented. He suggests that these results were achieved only because of his persistence as counsel for the Creditors' Committee. He also points out that because of the skillful manner the negotiations were handled in these matters, costly litigation was avoided.

Debtor, in its brief, contends that an oral contract was entered into between Debtor and Mr. DeMars that precludes recovery by Mr. DeMars of compensation at a rate greater than $100 per hour. The testimony of Ray Larson, President of Debtor, was that when Mr. DeMars was originally re-

tained at a meeting of the Board of Directors of the Debtor corporation, Mr. DeMars advised that he would be charging about $100 per hour. He stated he did not recall being advised that the Court could alter that figure. Mr. DeMars testified that during the original conference with the Debtor's Board of Directors he advised Larson that the Court controlled the allowance of fees but did indicate that the normal fees of his office were about $100 per hour.

Both applications for the additional compensation will be denied. The Court is not denying the application of Mr. DeMars on the basis that an oral contract was entered into with the Debtor that precludes the award of additional compensation. The applications will be denied for the reason the Court feels both counsel have been adequately compensated for their services.

11 U.S.C. § 330 provides, in essence, that reasonable compensation shall be allowed based on "the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; . . .". The legislative history makes it clear that the concept of economy to the estate is outdated and has no place under the new Bankruptcy Code.

The reorganization proceedings here were essentially a "liquidation" proceedings. There was never any indication the estate was insolvent in the traditional sense. Consequently, the fact that the unsecured creditors received payment in full is not an unusual result. It is, in fact, something that ought to have been accomplished, and it was the duty of the Creditors' Committee and its counsel to see that such occurred. Likewise, the fact that after all the claims have been paid there remains a sizeable residue for the benefit of the corporation shareholders, while an indication of dedicated service by counsel for the Debtor, is not necessarily an unusual result. The assets were present when the case was initiated. This Chapter 11 proceeding was necessitated because of improvident expenditures by Debtor's management causing a severe cash flow problem making it impossible for the Debtor to pay its debts as they arose.

The Court recognizes that both Mr. De-Mars and Mr. LeBaron are competent counsel and possess a great deal of expertise in the field of bankruptcy and the fees approved in the Order of December 16, 1982, and prior orders approving interim compensation are fully justified. The Court recognizes, too, that both Mr. DeMars and Mr. LeBaron have performed well for their clients in this Chapter 11 proceeding. The Court finds, however, that both have been adequately compensated for the services rendered. The amounts approved are equal to and perhaps somewhat in excess of the normal billing rates of each and are on the upward edge of fees normally charged for comparable services other than matters involving bankruptcy in this geographical area.

For the reasons stated, the applications of DeMars & Turman and of Mr. LeBaron for additional compensation are DENIED. The Order of December 16, 1982, will stand as the final award of compensation.